Stephanie Sheridan (CA 135910)
Meegan B. Brooks (CA 298570)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:   628.600.2250
Facsimile:    628.221.5828
Email:        ssheridan@beneschlaw.com
              mbrooks@beneschlaw.com

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| PRESCILA LOVELL, <br> for herself, as a private attorney general, <br> and on behalf of all others similarly situated, <br><br>                 Plaintiff, <br><br>     v. <br><br> LOWE'S HOME CENTERS, LLC, <br><br>                 Defendant. | Case No. 25-cv-03453-TLN-SCR <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date:         April 16, 2026 <br> Time:        2:00 p.m. <br> Courtroom:  2 <br> Judge:       Honorable Troy L. Nunley |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 16, 2026, at 2:00 p.m., or as soon thereafter as the matter may be heard in-person before the Honorable Troy L. Nunley of the United States District Court for the Eastern District of California, Courtroom 2, 15th Floor of the United States Courthouse, 501 I Street, Sacramento CA 95814, Defendant Lowe's Home Centers ("Lowe's") will and hereby does move this Court for an order dismissing Plaintiff's complaint ("Complaint") pursuant to Federal Rule of Civil Procedure, Rules 12(b)(6) and 12(b)(1).

Plaintiff's claims fail to satisfy Federal Rules of Civil Procedure 8 and 9(b) because Plaintiff does not allege sufficient facts to support her allegation that Defendant's reference prices were false or deceptive. In the alternative, this Court should dismiss or strike Plaintiff's prayer for equitable relief, because she lacks standing to seek injunctive relief, and also does not meaningfully explain why damages under California's Consumers Legal Remedies Act ("CLRA") would not provide an adequate remedy at law. The Court should also strike Plaintiff's overbroad claims as to the website (where she never shopped), shades and blinds (which she never purchased), and the phrase "LIMITED TIME DEAL" (which she never saw), for lack of Article III and statutory standing.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, any other matters of which the Court may take judicial notice, other documents on file in this action, and any oral argument of counsel. In compliance with the Court's Standing Order (4.A.(a)), Plaintiff and Defendant have regularly engaged in pre-filing meet and confers regarding Defendant's anticipated Motion to Dismiss. The parties did not resolve the claims or issues discussed.

Dated: January 23, 2026

Respectfully submitted,

*s/Meegan B. Brooks*
STEPHANIE SHERIDAN (CA 135910)
MEEGAN B. BROOKS (CA 298570)
Benesch, Friedlander, Coplan & Aronoff LLP

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ............................................................... 1

II.   FACTUAL BACKGROUND ............................................................................................... 2

    A.    What is in the Complaint. ...................................................................................... 2

    B.    What is not in the Complaint. ............................................................................... 3

III.  LEGAL STANDARD ........................................................................................................ 4

    A.    Fed. R. Civ. P. 12(b)(1) ........................................................................................ 4

    B.    Fed. R. Civ. P. 12(b)(6) ........................................................................................ 5

IV.   Argument ...................................................................................................................... 5

    A.    Plaintiff fails to plead false or deceptive conduct by Lowe's. .............................. 5

        1.    Plaintiff's failure to plead facts concerning the market for the Wall Oven Combo is fatal to her claims. ......................................................... 5

        2.    Plaintiff does not identify any actionable misrepresentation. ................. 8

        3.    Even if the Court accepts Plaintiff's theory of deception, her unsupported allegation of a perpetual sale does not satisfy Rule 9(b). .................. 9

    B.    The Court should dismiss or strike Plaintiff's claims for equitable relief. ...................... 12

        1.    Plaintiff lacks Article III standing to seek injunctive relief. .................. 13

        2.    Plaintiff's claims for equitable relief are barred as a matter of law because Plaintiff has not adequately pled that she lacks an adequate remedy at law. .................. 15

    C.    Plaintiff cannot bring claims as to different products, channels, or representations. .................. 17

        1.    Plaintiff lacks standing to sue as to the Lowe's Website. ...................... 18

        2.    Plaintiff lacks standing as to the Products not purchased, or in the alternative, custom blinds and shades. .................. 19

        3.    Plaintiff cannot challenge the "LIMITED TIME DEAL" language. .................. 20

V.    CONCLUSION .............................................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adam–Mellang v. Apartment Search, Inc.*,
  96 F.3d 297 (8th Cir.1996) ...................................................................................................17

*Allee v. Medrano*,
  416 U.S. 802 (1974)..............................................................................................................17

*Altes v. Bulletproof 360, Inc.*,
  2020 WL 1062878 (C.D. Cal. Mar. 5, 2020) ........................................................................18

*Alvarez v. Chevron Corp.*,
  656 F.3d 925 (9th Cir. 2011) ..................................................................................................7

*In re Apple Processor Litig.*,
  2023 WL 5950622 (9th Cir. Sept. 13, 2023) ...................................................................15, 16

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................................................5

*Azimpour v. Sears, Roebuck & Co.*,
  2016 WL 7626188 (S.D. Cal. Oct. 17, 2016) ..................................................................12, 18

*Battle v. Taylor James, LLC*,
  607 F. Supp. 3d 1025 (C.D. Cal. 2022) .................................................................................14

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................................5

*Bly-Magee v. California*,
  236 F.3d 1014 (9th Cir. 2001) ................................................................................................5

*Boris v. Wal-Mart Stores, Inc.*,
  35 F. Supp. 3d 1163 (C.D. Cal. 2014), *aff'd*, 649 F. App'x 424 (9th Cir. 2016) ..................9

*Branca v. Nordstrom, Inc.*,
  2015 WL 1841231 (S.D. Cal. Mar. 20, 2015) .......................................................................18

*Browning v. Am. Honda Motor Co.*,
  549 F. Supp. 3d 996 (N.D. Cal. 2021) ...................................................................................16

*Caldwell v. Nordic Nats., Inc.*,
  2024 WL 24325 (N.D. Cal. Jan. 2, 2024) ..............................................................................14

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
  761 F.3d 732 (7th Cir. 2014) ...........................................................................................10, 12

*Carney v. Adams*,
    592 U.S. 53 (2020)......................................................................................................13, 17

*Carvalho v. HP, Inc.*,
    2022 WL 2290595 (N.D. Cal. June 24, 2022) ....................................................................8

*Cattie v. Wal-Mart Stores, Inc.*,
    504 F. Supp. 2d 939 (S.D. Cal. 2007)................................................................................19

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
    20 Cal. 4th 163 (1999) ........................................................................................................7

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983)..............................................................................................................13

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013)............................................................................................................13

*Clark v. Am. Honda Motor Co.*,
    528 F. Supp. 3d 1108 (C.D. Cal. 2021) ............................................................................16

*Clark v. Eddie Bauer LLC*,
    2024 WL 177755 (9th Cir. Jan. 17, 2024) ........................................................................14

*U.S. ex rel. Clausen v. Lab. Corp. of Am.*,
    290 F.3d 1301 (11th Cir. 2002) ..........................................................................................9

*In re Coca-Cola Prods. Mktg. & Sales Practices Litig.*,
    2021 WL 3878654 (9th Cir. Aug. 31, 2021)................................................................13, 15

*Comwest, Inc. v. Am. Operator Servs., Inc.*,
    765 F. Supp. 1467 (C.D. Cal. 1991) ..................................................................................10

*Cordes v. Boulder Brands USA, Inc.*,
    2018 WL 6714323 (C.D. Cal. Oct. 17, 2018) ..................................................................14

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ......................................................................................14, 15

*Davis v. Fed. Election Comm'n*,
    554 U.S. 724 (2008)............................................................................................................19

*Davis v. HSBC Bank Nev., N.A.*,
    691 F.3d 1152 (9th Cir. 2012) ............................................................................................6

*Dennis v. Ralph Lauren Corp.*,
    2016 WL 7387356 (S.D. Cal. Dec. 20, 2016)......................................................................8

*DiCicco v. PVH Corp.*,
    2020 WL 5237250 (S.D.N.Y. Sept. 2, 2020)....................................................................10

*Douglas Co. v. Stone*,
   191 U.S. 557 (1903) ................................................................................................16

*Drake v. Toyota Motor Corp.*,
   2021 WL 2024860 (C.D. Cal. May 17, 2021) ........................................................17

*Dreher v. Experian Info. Sols., Inc.*,
   856 F.3d 337 (4th Cir. 2017) ................................................................................17

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016) ..................................................................................7

*Eidmann v. Walgreen Co.*,
   522 F. Supp. 3d 634 (N.D. Cal. 2021) ....................................................................9

*In re Ferrero Litig.*,
   794 F. Supp. 2d 1107 (S.D. Cal. 2011) ................................................................19

*Fisher v. Eddie Bauer LLC*,
   2019 WL 9467922 (S.D. Cal. Oct. 18, 2019) .......................................................12

*Franklin v. Gwinnett Cty. Pub. Sch.*,
   503 U.S. 60 (1992) ................................................................................................15

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
   528 U.S. 167 (2000) ................................................................................................5

*Garcia v. Anane Enter. LLC*,
   2025 WL 894616 (E.D. Cal. Mar. 24, 2025) .......................................................16

*In re GlenFed, Inc. Sec. Litig.*,
   42 F.3d 1541 (9th Cir. 1994) ..................................................................................5

*Guzman v. Polaris Indus. Inc.*,
   49 F.4th 1308 (9th Cir. 2022) ..............................................................................15

*Haskins v. Symantec Corp.*,
   2016 WL 3391237 (9th Cir. June 20, 2016) ........................................................20

*Hern v. Lowe's Home Ctrs, LLC*,
   No. 25-2-33016-8 SEA (King County Superior Court. Nov. 5, 2025)...................1

*Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*,
   998 F.3d 397 (9th Cir. 2021) ..................................................................................5

*Jackson v. Gen. Mills, Inc.*,
   2020 WL 5106652 (S.D. Cal. Aug. 28, 2020) .....................................................15

*Jacobo v. Ross Stores, Inc.*,
   2016 WL 3482041 (C.D. Cal. Feb. 23, 2016) ........................................................7

*Joseph v. Carnes*,
    566 Fed. Appx. 530 (7th Cir. 2014)..................................................................17

*Kane v. Chobani, Inc.*,
    2013 WL 5289253 (N.D. Cal. Sept. 19, 2013) .................................................18

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) .........................................................................5

*Kenney v. Fruit of the Earth, Inc.*,
    2024 WL 4578981 (9th Cir. Oct. 25, 2024).....................................................14

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134, 63 P.3d 937 (2003) ..............................................................12

*Kwikset Corp. v. Superior Ct.*,
    51 Cal. 4th 310, 246 P.3d 877 (2011) ..............................................................17

*L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*,
    634 F.2d 1197 (9th Cir. 1980) .........................................................................17

*Lanovaz v. Twinings N. Am., Inc.*,
    726 F. App'x 590 (9th Cir. 2018) ...................................................................13

*Larsen v. Trader Joe's Co.*,
    2012 WL 5458396 (N.D. Cal. June 14, 2012) .................................................19

*Laster v. T-Mobile USA, Inc.*,
    407 F. Supp. 2d 1181 (S.D. Cal. 2005), *aff'd* 252 F. App'x 777 (9th Cir. 2007)................................18

*Lewis v. Casey*,
    518 U.S. 343 (1996).................................................................................17, 19

*Lisner v. SPARC Grp. LLC*,
    2021 WL 6284158 (C.D. Cal. Dec. 29, 2021) ...........................................10, 11

*Lokey v. CVS Pharmacy, Inc.*,
    2021 WL 633808 (N.D. Cal. Feb. 18, 2021) ....................................................9

*Lorentzen v. Kroger Co.*,
    532 F.Supp.3d 901 (C.D. Cal. 2021) ..............................................................19

*Lovell v. Lowe's Home Ctrs, LLC*,
    No. 5:24-cv-00238-KDB-SCR .......................................................................10

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)................................................................... *passim*

*In re MacBook Keyboard Litig.*,
    2020 WL 6047253 (N.D. Cal. Oct. 13, 2020)..................................................17

*Maloney v. Verizon Internet Servs., Inc.*,
    413 F. App'x 997 (9th Cir. 2011) ...................................................................12

*Meyer v. Sprint Spectrum L.P.*,
    45 Cal. 4th 634 (2009) ....................................................................................17

*Millam v. Energizer Brands, LLC*,
    2024 WL 2988210 (9th Cir. June 14, 2024) ...................................................12

*Moore v. Trader Joe's Co.*,
    4 F.4th 874 (9th Cir. 2021) ...............................................................................6

*Nguyen v. Lovesac Co.*,
    2025 WL 950511 (E.D. Cal. Mar. 28, 2025) ....................................................9

*Nunez v. Best Buy Co.*,
    315 F.R.D. 245 (D. Minn. 2016).....................................................................12

*O'Shea v. Littleton*,
    414 U.S. 488 (1974)...................................................................................13, 16

*Oh v. Fresh Bellies, Inc.*,
    2024 WL 4500727 (C.D. Cal. Oct. 15, 2024) .................................................19

*Parent v. Millercoors LLC*,
    2016 WL 3348818 (S.D. Cal. June 16, 2016)...................................................9

*People v. Superior Ct. (J.C. Penney)*,
    34 Cal. App. 5th 376 (2019), *as modified on denial of reh'g* (May 6, 2019) ...................................6, 7

*Philips*, 726 Fed. Appx. at 609 ............................................................................16

*Polaris Indus. Inc. v. Albright*,
    2023 WL 3937623 (U.S. June 12, 2023) ........................................................15

*Purcelley v. Ekster Inc.*,
    2024 WL 2107710 (C.D. Cal. Apr. 4, 2024) ............................................6, 7, 8

*Rael v. Dooney & Bourke, Inc.*,
    2016 WL 3952219 (S.D. Cal. July 22, 2016) ..................................................11

*Rael v. New York & Co., Inc.*,
    2016 WL 7655247 (S.D. Cal. Dec. 28, 2016)............................................11, 19

*Red v. Kraft Foods, Inc.*,
    2012 WL 5504011 (C.D. Cal. Oct. 25, 2012) .................................................12

*Ringler v. J.M. Smucker Co.*,
    783 F. Supp. 3d 1229 (C.D. Cal. 2025) ..........................................................19

*Robey v. PVH Corp.*,
   495 F. Supp. 3d 311 (S.D.N.Y. 2020) ........................................................................11

*Rondeau v. Mosinee Paper Corp.*,
   422 U.S. 49 (1975) ........................................................................................................16

*Rubenstein v. The Gap, Inc.*,
   14 Cal. App. 5th 870 (2017) ........................................................................................14

*Rubin v. Green*,
   4 Cal. 4th 1187 (1993) ...................................................................................................7

*Safransky v. Fossil Group, Inc.*,
   2018 WL 1726620 (S.D. Cal. Apr. 9, 2018) .................................................................6

*Schertzer v. Samsonite Co. Stores, LLC*,
   2020 WL 4281990 (S.D. Cal. Feb. 25, 2020) ..........................................................8, 11

*Seegert v. Luxottica Retail N. Am., Inc.*,
   2018 WL 3472561 (S.D. Cal. July 19, 2018) ...........................................................9, 11

*Simon v. Eastern Ky. Welfare Rights Org.*,
   426 U.S. 26 (1976) ........................................................................................................17

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) .....................................................................................15, 16

*Sperling v. DSW Inc.*,
   2015 WL 13309476 (C.D. Cal. Nov. 19, 2015), *aff'd Sperling*, 699 F. App'x 654 ............................7

*Sperling v. DSWC, Inc.*,
   699 F. App'x 654 (9th Cir. 2017) ...............................................................................6, 7

*Sperling v. Stein Mart, Inc.*,
   291 F. Supp. 3d 1076 (C.D. Cal. 2018) ...............................................................6, 7, 8

*Spokeo, Inc. v. Robins*,
   578 U.S. 330, *as revised* (May 24, 2016) ....................................................................5

*Stanwood v. Mary Kay, Inc.*,
   941 F. Supp. 2d 1212 (C.D. Cal. 2012) .......................................................................18

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009) ......................................................................................................13

*In re Tobacco II Cases*,
   46 Cal. 4th 298 (2009) ..................................................................................................17

*Trammell v. Albertsons Cos., Inc.*,
   2025 WL 591069 (S.D. Cal. Feb. 24, 2025) ................................................................15

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**
**Case No. 25-cv-03453-TLN-SCR**

*Transunion LLC, v. Ramirez,*
   141 S.Ct. 2190 (2021) ...........................................................................................14

*Whittlestone, Inc. v. Handi-Craft Co.,*
   618 F.3d 970 (9th Cir. 2010) .......................................................................12, 18

*Wilson v. Frito-Lay N. Am., Inc.,*
   961 F. Supp. 2d 1134 (N.D. Cal. 2013) .................................................................18

*Wright et al v. Lowe's Home Ctrs, LLC,*
   No. 25-cv-59425 (Coos County Circuit Court. Nov. 4, 2025) ...........................1

*Wright v. Lowe's Home Ctrs., LLC,*
   2025 WL 2649655 (W.D.N.C. Sept. 15, 2025) .......................................1, 3, 14

*Younger v. Harris,*
   401 U.S. 37 (1971) .............................................................................................15

**Statutes**

Bus. & Prof. Code, § 17077 ...............................................................................6

California's Consumers Legal Remedies Act........................................... *passim*

California's False Advertising Law ......................................................................3

California's Former Pricing Law ..........................................................................6

Fish & G. Code, § 12163 ......................................................................................6

Food & Agric. Code, § 40872 ..............................................................................6

Pub. Res. Code, § 6913 ........................................................................................6

Unfair Competition Law ................................................................................ *passim*

**Other Authorities**

Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2944 (3d ed.) ........................16

30 Ops. Cal. Atty. Gen. 127 (1957) .....................................................................7

Fed. R. Civ. P. 8 ........................................................................................1, 8, 12

Fed. R. Civ. P. 9(b) ........................................................................................ *passim*

Fed. R. Civ. P. 12(b)(1)........................................................................................4

Fed. R. Civ. P. 12(b)(6)...................................................................................5, 12

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**
**Case No. 25-cv-03453-TLN-SCR**

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

On September 15, 2025, the Western District of North Carolina dismissed the exact same claims Plaintiff Prescila Lovell asserts here, holding that she failed to allege that other consumers would be deceived or injured by Lowe's pricing practices, and that the court therefore lacked jurisdiction. *Wright v. Lowe's Home Ctrs., LLC*, 2025 WL 2649655, at *6 (W.D.N.C. Sept. 15, 2025).[1] Specifically:

> [Plaintiffs] can only speculate as to the individual buying decisions of "thousands" of other customers . . . [who] may have not seen or paid much attention to the "discount" information; independently investigated the products to know their price history; not cared about earlier prices because they were pleased with the price offered; compared prices against other stores and believed they were getting a good price on that basis; or experienced any of a myriad of other scenarios that don't involve the alleged monetary harm of purchasing a product that the customer would not have otherwise purchased.

*Id*. at *6 (footnotes omitted). The Court continued: "other customers may well be disappointed to find out that they didn't get a 'deal' - which is not itself a concrete injury - but still satisfied with buying the product at the offered price, given their needs, resources and the available alternatives." *Id.* (footnotes omitted).

Plaintiff believes the *Wright* court got it wrong, and is hoping for a different outcome here. While Lowe's, as the removing party, believes that subject-matter jurisdiction exists, it asks the Court to dismiss for a different reason: Plaintiff does not allege sufficient facts to suggest that the reference price on the Frigidaire Microwave Wall Oven Combo (the "Wall Oven Combo") she purchased was false or deceptive and dismissal is therefore appropriate under Rules 8 and 9(b).

Plaintiff conclusorily asserts that the Wall Oven Combo's reference price is deceptive because *Lowe's* never sold it at that price, but this is a red herring—California law expressly allows retailers to list former prices based on the prices charged by other retailers in the market, and a body of case law confirms that doing so is not deceptive. Plaintiff does not and cannot allege that the Wall Oven Combo was exclusive to Lowe's. To state a false reference pricing claim, she was therefore required to allege facts

---

[1] Plaintiff's counsel filed three nearly identical cases in North Carolina (where Lowe's is based), under California, Oregon, and Washington law. The *Wright* decision dismissed the Oregon and California cases; the Washington case, which had been stayed, was voluntarily dismissed. Plaintiffs from all three cases subsequently re-filed their lawsuits in their home states. *See Hern v. Lowe's Home Ctrs, LLC*, No. 25-2-33016-8 SEA (King County Superior Court. Nov. 5, 2025), *Wright et al v. Lowe's Home Ctrs, LLC*, No. 25-cv-59425 (Coos County Circuit Court. Nov. 4, 2025).

concerning its market price. And while pointing to a single retailer's pricing is insufficient in any case involving non-exclusive items, Plaintiff's claim would fail under Rule 9(b) even if the Court accepted her theory, as the Complaint contains not a single fact concerning the Wall Oven Combo's price history in any Lowe's store, much less in California.

In the alternative, this Court should dismiss or strike Plaintiff's prayer for equitable relief, because she lacks standing to seek injunctive relief, and also does not meaningfully explain why damages under California's Consumers Legal Remedies Act ("CLRA") would not provide an adequate remedy at law. The Court should also strike Plaintiff's overbroad claims as to the website (where she never shopped), shades and blinds (which she never purchased), and the phrase "LIMITED TIME DEAL" (which she never saw), for lack of Article III and statutory standing.

## II.    FACTUAL BACKGROUND

### A.    What is in the Complaint.

Plaintiff claims that Lowe's deceives customers by offering certain items—(1) Bali and Levolor blinds and shades; and (2) "major appliances" like refrigerators, ranges, dishwashers, microwaves, wall ovens, cooktops, freezers, washers, and dryers (collectively, the "Products")—on sale too frequently.

The Complaint identifies a single purchase made by Plaintiff: the Wall Oven Combo, which she bought from Lowe's Folsom, California store on June 19, 2024. (Compl. ¶ 10.) The Complaint does not include an image of the allegedly deceptive price display, but alleges that it said the Wall Oven Combo "WAS $3899," had a "SPECIAL VALUE" of $2899, and that the discount was available for a "limited time." (*Id*. ¶ 96.) Plaintiff allegedly interpreted these statements to mean the Wall Oven Combo was "worth" and "normally offered and sold" at $3899, and that the $2899 "represented a special and unusual bargain." (*Id*. ¶ 97.) Although Plaintiff does not specify the amount she paid, she claims that she would not have paid that much "had [she] known" that the product was allegedly always on sale. (*Id*. ¶ 101.)

In terms of what Lowe's pricing displays look like, the Complaint includes separate sub-sections discussing pricing for blinds/shades and appliances, with a handful of screenshots and photographs in each sub-section. (Compl. ¶¶ 20, 22, 26–28, 32, 37–38, 43, 50–52, 62.) On their face, the screenshots and photographs look different between product categories and in-store versus online. (*Id*.) For example, the pricing displays for appliances sold in-store allegedly say, "Valid In Store Only," "Was," "Special Value"

(before February 6, 2025), and "LIMITED TIME DEAL" (after February 6, 2025) (*id*. ¶¶ 49–50)—none of which is included in the online price display (*id*.) (which, again, Plaintiff does not claim to have seen). Bali and Levolor shades, by contrast, are custom products advertised using percent-off discounts rather than markdowns from higher prices. (*Id*. ¶¶ 20, 22, 26–27, 32.) For these items, the Complaint includes photographs of large signs not specific to any product. (*Id*. ¶¶ 20, 22, 26.)

Plaintiff purports to bring claims on behalf of anyone who, while in California, bought one of the Products at a discount from Lowe's. (*Id*. ¶¶ 8, 110, 112.) The class definition appears to encompass in-store and online purchasers, even though Plaintiff does not claim to have ever visited or shopped from Lowe's website. Plaintiff seeks to recover damages and injunctive relief under the CLRA (*id*. ¶ 150), and restitution and injunctive relief under California's False Advertising Law ("the FAL") and Unfair Competition Law ("UCL"). (*Id*. ¶¶ 165–166, 184–185.) Plaintiff claims that injunctive relief is required "to prevent Lowe's from engaging in the unlawful practices alleged herein." (*Id*. ¶ 169.)

**B.    What is not in the Complaint.**

Plaintiff does not explain how she thought the Wall Oven Combo was "worth" $3899 (*id*. ¶ 97), when the price display allegedly described it as having a "Special Value" of $2899 (*id*.) Plaintiff never claims that the Wall Oven Combo was worth less than the unspecified amount she paid. And although she alleges she went to the store on June 19, 2024 "to shop for a microwave wall oven combo," (*id*. ¶ 94), Plaintiff does not claim she saw similar items for less, either at Lowe's or elsewhere. Plaintiff does not allege that the Wall Oven Combo was exclusive to Lowe's, yet is entirely silent as to prices charged by other retailers in the market.

While Plaintiff claims that Lowe's pricing was deceptive because "Lowe's [ ] never offered the Microwave Wall Oven Combo at the $3899 reference price at any time prior to [her] purchase, " the Complaint does not contain a single fact concerning the in-store pricing for this item. (*Id*. ¶¶ 57–58, 98–99, emphasis added). Instead, she relies on unspecified "data" collected from "scraping of the Lowe's **website** with a proprietary software program since April 21, 2024"—i.e., just two months before Plaintiff's purchases. (*Id*. ¶¶ 57, 98–99., emphasis added)

Plaintiff asserts that "Lowe's offers and advertises its Products with identical reference prices and at substantially the same sale prices both on the Lowe's website and in its retail stores," but recognizes

that the product assortment online is different from in-store. (*Id.* ¶¶ 59, 55.) The only support she offers for her claim of pricing parity is that two irrelevant items—an LG Dishwasher (*id.* ¶ 38) and a Whirlpool Refrigerator (*id.* ¶ 62)—allegedly had the same pricing online and in a single unspecified store on a single day each, months **after** Plaintiff's purchase.[2] She does not explain how these items, which she never saw or purchased, shed light on the in-store pricing for the Wall Oven Combo.

While Plaintiff vaguely claims that her counsel "investigated Lowe's in-store practices by regularly visiting Lowe's retail stores," she does not claim that they reviewed the Wall Oven Combo at any point in this investigation. (*Id.* ¶¶ 30, 57.) Indeed, it appears that most of these store visits occurred in Washington or Oregon, not California, given that the same allegations appear in her counsel's other complaints. She does not identify a single date, other than the day she bought the Wall Oven Combo, on which the item was offered at a discount in any store, much less in California.

Plaintiff's so-called "Table Showing Perpetual Major Appliances Sales Events," does not fill this void. (*Id.* ¶ 54.) Plaintiff does not claim that any data point in this chart came from a California store, and in fact, the same chart is included in her counsel's Oregon and Washington complaints (*see* fn. 1). Regardless, nearly all of the sales in the chart say, "Up to 35% Off Select Major Appliances." (*Id.* ¶ 54, emphasis added.) Thus, the chart does not suggest that the Wall Oven Combo was ever on sale—only that "select" appliances were "up to" various percentages off. In two of the very few changes from her previous lawsuit, Plaintiff now conclusorily alleges that these discounts "applied to the overwhelming majority of the major appliances displayed in Lowe's retail stores," and asks the Court to assume that any major appliance that Lowe's has ever offered at a discount, "was always offered at a purported discount." (*Id.* ¶ 55.) She pleads no facts to support either theory.

## III.    LEGAL STANDARD

### A.    Fed. R. Civ. P. 12(b)(1)

Article III standing asks whether the plaintiff has alleged an injury that is concrete and particularized, actual or imminent, fairly traceable to the defendant's alleged conduct, and redressable by

---

[2] The LG Dishwasher does not even appear to have been investigated in a California store. The refrigerator, in turn, was added to Plaintiff's complaint nearly a year after Plaintiff's purchase, after Lowe's pointed out in its first motion to dismiss that none of her examples were from California.

a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "For an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339, *as revised* (May 24, 2016) (citation omitted). Standing must be established independently for each claim and for each form of relief sought. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000). Plaintiff bears the burden of establishing standing. *Lujan*, 504 U.S. at 561.

### B.  Fed. R. Civ. P. 12(b)(6)

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when the plaintiff pleads ***factual content*** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556).

Because Plaintiff's claims are all grounded in fraud, she must further satisfy Rule 9(b), which requires her to plead the circumstances constituting fraud with particularity. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009). This standard has an important purpose: "Because allegations of fraud inescapably carry a degree of moral turpitude, Rule 9(b) imparts a heightened note of seriousness, requiring a greater degree of pre-discovery investigation by the plaintiff, followed by the plaintiff's required particular allegations, thereby protecting a defendant's reputation from frivolous and unfounded allegations." *Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*, 998 F.3d 397, 404 (9th Cir. 2021); *see also Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (Rule 9(b) "prohibit[s] plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis."). Under Rule 9(b), it is insufficient to merely point to a statement and claim that it is false; instead, Plaintiff must plead evidentiary facts giving rise to an inference that the challenged statement was false when made. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1549–53 (9th Cir. 1994).

## IV.  <u>ARGUMENT</u>

### A.  Plaintiff fails to plead false or deceptive conduct by Lowe's.

#### 1.  *Plaintiff's failure to plead facts concerning the market for the Wall Oven Combo is fatal to her claims.*

To state a claim under the UCL, FAL, and CLRA, Plaintiff must allege that the reference price for

5

her Wall Oven Combo is likely to deceive a reasonable consumer. *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1161–62 (9th Cir. 2012) (UCL, FAL, CLRA); *see also Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021) (describing the reasonable consumer standard as "not a negligible burden").

When evaluating allegedly deceptive reference-pricing claims under the reasonable consumer standard, courts draw a distinction between "exclusive" and "non-exclusive" products. *See, e.g., Safransky v. Fossil Group, Inc.*, 2018 WL 1726620, at *9 (S.D. Cal. Apr. 9, 2018). For exclusive products—those available only from a single seller—it can be reasonable for consumers to understand a former-price claim as referring to the retailer's own prior price, since no alternative sellers exist. But for non-exclusive products such as the Wall Oven Combo, there is nothing deceptive about basing a reference price on prices charged by other retailers for the same or similar items. *Purcelley v. Ekster Inc.*, 2024 WL 2107710, at *4 (C.D. Cal. Apr. 4, 2024); *see also Sperling v. Stein Mart, Inc.*, 291 F. Supp. 3d 1076, 1085 (C.D. Cal. 2018) (comparative reference prices are not deceptive if other retailers sold the products at or above the stated MSRPs); *Sperling v. DSWC, Inc.*, 699 F. App'x 654, 655 (9th Cir. 2017) ("Price tags suggesting that consumers compare the product's price to the manufacturer's suggested retail price are not inherently false or deceptive.").

This distinction makes sense, especially in the context of California's Former Pricing Law, Cal. Bus. & Prof. § 17501, which requires any advertised former price to have been "the prevailing market price" within the preceding three months. Cal. Bus. & Prof. § 17501. "Prevailing market price" is necessarily "based on the prices offered by other sellers in the market." *See People v. Superior Ct. (J.C. Penney)*, 34 Cal. App. 5th 376, 397 (2019), *as modified on denial of reh'g* (May 6, 2019); *see also id.* at 395 (rejecting as "untenable" the argument that "prevailing market" refers only to one retailer).[3] In 1957, then-Attorney General (and future-Governor) Edmund Brown similarly interpreted "prevailing market price" as "the predominating price that may be obtained for merchandise similar to the article in question on the open market and in the community where the article is sold," and "determined *wholly* and *exclusively* by

---

[3] Other statutes have used the same "prevailing market price" language to reference prices charged by retailers across the market. *See, e.g.*, Bus. & Prof. Code, § 17077 ("prevailing market price for similar raw materials in the ordinary channels of trade in the locality or vicinity . . ."); Pub. Res. Code, § 6913 ("prevailing market price" for "geothermal resources" sold "in the same market area . . ."); Fish & G. Code, § 12163 (same, for fish); Food & Agric. Code, § 40872 (tomatoes).

the conditions in the market." 30 Ops. Cal. Atty. Gen. 127 (1957) (emphasis in original), *cited favorably in J.C. Penney*, 34 Cal. App. 5th at 395.[4]

Thus, unless a plaintiff claims that a given item was sold exclusively by the defendant (which is not the case here), courts have required plaintiffs to allege facts to suggest that the item's market price—based on other retailers' prices—exceeded the challenged former price. *Purcelley*, 2024 WL 2107710, at *4; *see also Jacobo v. Ross Stores, Inc.*, 2016 WL 3482041, at *5 (C.D. Cal. Feb. 23, 2016) (plaintiffs must plead "specific facts, such as the exact prices of identical goods offered for sale by other merchants," or that "identical items could not be found at other stores in the area."). "Conclusory" allegations that defendants' pricing "do[es] not represent the prevailing market price" do not suffice. *See Sperling v. DSW Inc.*, 2015 WL 13309476, at *8–9 (C.D. Cal. Nov. 19, 2015), *aff'd Sperling*, 699 F. App'x 654.

Further, even where a plaintiff claims to have investigated other retailers' pricing (which is also not the case here), courts have required plaintiffs to allege specific facts about their investigations to support their theories of deception. In *Sperling*, for example, the plaintiff asserted that the defendant's "Compare At" reference prices were deceptive because they did not accurately reflect competitors' prices. *Sperling*, 2016 WL 354319, at *2 (C.D. Cal. Jan. 28, 2016). Even though the complaint identified specific other retailers who were selling the shoes the plaintiff had purchased for less than the challenged reference price, the court dismissed under Rule 9(b) because her "conclusory allegations regarding her efforts to investigate the prices of the shoes do not make clear that Defendants' comparative reference prices were deceptive and did not reflect market prices at the time they were listed." *Id*. at *7. The Ninth Circuit affirmed, holding that data concerning competitors' *current* prices were insufficient to establish the items' market price at the time of the plaintiff's purchase. *Sperling*, 699 F. App'x at 655.

Consistent with these principles, courts routinely dismiss deceptive pricing claims where plaintiffs do not plead facts concerning other retailers selling the same product:

---

[4] Compliance with Section 17501 provides a safe harbor to Plaintiff's UCL, FAL, and CLRA claims, as "courts may not use the unfair competition law to condemn actions the Legislature permits." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999). This safe harbor may be applied at the pleadings stage. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016); *Alvarez v. Chevron Corp.*, 656 F.3d 925, 934 (9th Cir. 2011); *Rubin v. Green*, 4 Cal. 4th 1187, 1201 (1993).

- *Carvalho v. HP, Inc.*, involved a non-exclusive HP laptop available from numerous sellers. The plaintiff asserted that "the strikethrough prices displayed on HP's website did not reflect" HP's own prior prices. The court nevertheless dismissed the complaint because it did not allege prices charged by other sellers. Notably, "arguments regarding the thoroughness of their allegations of HP.com's pricing history" were "unresponsive to this issue." 2022 WL 2290595, at *4 (N.D. Cal. June 24, 2022).

- *Schertzer v. Samsonite Co. Stores, LLC* dismissed claims as to luggage on a similar basis: despite alleging an investigation into Samsonite's historical pricing of the suitcase at issue, the plaintiff failed to allege that the product was not originally offered for sale by other retailers. 2020 WL 4281990, at *5 (S.D. Cal. Feb. 25, 2020).

- The *Purcelley* court dismissed pricing claims under Rule 8, notwithstanding the plaintiff's claims that the defendant itself had never sold the item at full price, because other retailers could have sold the item at that price. 2024 WL 2107710, at *5. As a result, "it is only *possible* that the Reference Price is misleading if Defendant never offered the good at that price. The other possibility, of course, is that the Reference Price is not misleading at all but rather an accurate reflection of what third-party sellers charge for the same or similar goods." *Id.*

- Finally, in *Dennis v. Ralph Lauren Corp.*, the plaintiff alleged not only that Ralph Lauren consistently sold her polo shirt at a discounted price in its stores, but also—based on an asserted investigation—that the product was "unavailable elsewhere in the relevant market." 2016 WL 7387356, at *4 (S.D. Cal. Dec. 20, 2016). This was still not good enough. The court rejected the plaintiff's "vague and conclusory" claims because they did not "provide facts to identify the relevant market" and or specifically allege that the Ralph Lauren "polo shirt was unavailable at the $74.99 price at other locations offering Ralph Lauren products, such as the 'Polo retail stores[s], high-end department stores, and related online stores' identified in the FAC." *Id.* at *4.

Plaintiff's Complaint suffers from the same defect as those in *Carvalho*, *Schertzer*, *Purcelley*, and *Sperling*. It does not even mention the market for the Wall Oven Combo. This alone warrants dismissal.

### 2.    *Plaintiff does not identify any actionable misrepresentation.*

Plaintiff's claim fails for another reason: the Wall Oven Combo's $3800 reference price cannot be

a false misrepresentation, as a price does not "constitute[] a representation or statement about the product: the price is simply the amount at which the merchant offers to sell the product." *Boris v. Wal-Mart Stores, Inc.*, 35 F. Supp. 3d 1163, 1179 (C.D. Cal. 2014), *aff'd*, 649 F. App'x 424 (9th Cir. 2016).

In *Nguyen v. Lovesac Co.*, this Court applied the same reasoning to dismiss claims indistinguishable from Plaintiff's here—that "[t]he substantial 'discount' shown to consumers making an in-store purchase was deceptive and misleading because Defendant's Products are never sold at the full price represented"—because "pricing about the product alone cannot constitute a representation or statement about the product." 2025 WL 950511, at *6 (E.D. Cal. Mar. 28, 2025). *Nguyen* is consistent with other cases that "reflect that false advertising violations must be premised on some statement or representation by the defendant about the product," and that "neither the price of [the product] nor the red background of its packaging constitutes a representation or statement about the product." *Boris*, 35 F. Supp. 3d at 1169–70 (citing cases); *see also Parent v. Millercoors LLC*, 2016 WL 3348818, at *8 (S.D. Cal. June 16, 2016); *Lokey v. CVS Pharmacy, Inc.*, 2021 WL 633808, at *6 (N.D. Cal. Feb. 18, 2021); *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 640 (N.D. Cal. 2021).

### 3. Even if the Court accepts Plaintiff's theory of deception, her unsupported allegation of a perpetual sale does not satisfy Rule 9(b).

As discussed above, in cases involving non-exclusive items, a plaintiff cannot state a claim for deceptive pricing merely by asserting that the retailer defendant never offered the item at full price, and a price is not an actionable misrepresentation in any event. But even if the Court were to consider Plaintiff's proffered theory of deception, it fails under Rule 9(b), because the Complaint does not allege sufficient facts to support her theory that Lowe's perpetually offered the Wall Oven Combo on sale in its California stores. If "Rule 9(b) is to carry any water, it must mean that an essential allegation and circumstance of fraudulent conduct cannot be alleged in such conclusory fashion." *U.S. ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1313 (11th Cir. 2002). "Simply alleging that … [a given product was] never sold at list or regular price falls short of Plaintiff's pleading burden." *Seegert v. Luxottica Retail N. Am., Inc.*, 2018 WL 3472561, at *3–4 (S.D. Cal. July 19, 2018).

The Complaint identifies a single day in 2024 when this item was on sale in one Lowe's store: June 19, 2024, the day that Plaintiff bought it. (Compl. ¶¶ 94–97.) The existence of a sale, on a single day,

does not suggest that the sale was fraudulent. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 738 (7th Cir. 2014) ("[T]he fact [of] frequent sales of various items does not support an inference that those sales were fraudulent or deceptive."); *DiCicco v. PVH Corp.*, 2020 WL 5237250, at *4 (S.D.N.Y. Sept. 2, 2020) (in a similar pricing case brought by Plaintiff's counsel: "Contrary to [Plaintiff's] assertion, the price tags, sales receipt, and the banners hung on the store's front on October 24, 2020 only show that those items were on sale that day, not that they were always on sale").

Plaintiff theorizes that because her Counsel's "data" allegedly "shows" that Lowe's "never" offered the Microwave Wall Oven Combo for $3899 reference between April 1, 2024, to present, the Court should "infer for pleading purposes" that "Lowe's likewise never offered the Microwave at the $3899 reference price at any prior to Ms. Lovell's purchase on June 19, 2024." (*Id.* ¶ 99.) This argument fails three times over. ***First***, Plaintiff cannot rely on her counsel's self-serving characterization of unspecified facts. Instead, the "complaint [must] set forth the facts on which the belief is founded." *Comwest, Inc. v. Am. Operator Servs., Inc.*, 765 F. Supp. 1467, 1471 (C.D. Cal. 1991) (citation omitted). ***Second***, a short, two-month investigation says nothing as to the item's pricing before that investigation. Indeed, Section 17501 *allows* retailers to list a former price as long as it was a prevailing price at some point within the ***preceding*** three months. Cal Bus & Prof. 17501.[5] ***Third***, an alleged investigation into Lowe's online prices says nothing as to the Wall Oven Combo's in-store pricing. Because Plaintiff bought this item in a Lowe's store in California it is the in-store channel that matters.

This case squares with another pricing case brought by Plaintiff's counsel and based on the same alleged software, *Lisner v. SPARC Grp. LLC*, 2021 WL 6284158, at *5–6 (C.D. Cal. Dec. 29, 2021). There, the Court held that the plaintiff's online "tracking," combined with several photographs comparing online and in-store pricing, was insufficient to state a claim as to the retailer's in-store pricing:

> Defendant asserts that even if Plaintiffs investigated the online pricing for the items purchased, their claims would still fail because **Plaintiffs failed to investigate Aéropostale's in-store pricing at its retail stores in California for these items**. In response, Plaintiffs assert that because the investigation determined that "more than 39,000

[5] In fact, in Plaintiff's first lawsuit against Lowe's, Plaintiff claimed that the Wall Oven Combo was "never offered … at the $3899 reference price for at least 90 days prior to" her purchase. See *Lovell v. Lowe's Home Ctrs, LLC*, No. 5:24-cv-00238-KDB-SCR (Dkt. 21 (Compl. at ¶ 87).) Plaintiff removed that allegation once it became clear that the investigation (which, again, did not specifically claim to involve this item) only lasted a fraction of that three-month period.

products were never or rarely offered at the list price" this "strongly supports the plausible inference that the products purchased by Plaintiffs were subject to the same false discounting practices." Plaintiffs also confirmed during oral argument that they have the pricing data for the items purchased by Plaintiffs. The Court agrees with Defendant.

*Id.* at *5–6 (parentheticals omitted, emphasis added). Here, too, the Complaint's allegations concerning irrelevant items and channels where Plaintiff never shopped should not distract the Court from Plaintiff's failure to investigate in-store pricing for the Wall Oven Combo, in California or elsewhere.

While Plaintiff claims that her counsel "investigated" Lowe's in-store pricing in Washington, Oregon, and California (Compl. ¶ 57), she does not allege any facts concerning this alleged investigation, such as how often they actually visited California stores were visited (as opposed to Washington and Oregon, where counsel are based), or the items reviewed. Thus, "[w]hile the plaintiff claims to have conducted an 'investigation,' the plaintiff has failed to allege with specificity that the investigation was sufficient to establish that the price cited was a 'fictitious former price'." *Robey v. PVH Corp.*, 495 F. Supp. 3d 311, 323 (S.D.N.Y. 2020). Plaintiff does not "specify a single detail of [her counsel's] alleged investigation" into Lowe's California stores. *Rael v. New York & Co., Inc.*, 2016 WL 7655247, at *7 (S.D. Cal. Dec. 28, 2016). She certainly has not alleged facts suggesting that they "conduct[ed] a pre-complaint investigation 'in sufficient depth to assure that the charge of fraud is responsible and supported.'" *See Seegert*, 2018 WL 3472561 at *3–4.

In *Rael v. Dooney & Bourke, Inc.*, the plaintiff based her pricing claims on an "extensive investigation of sales and discount pricing advertisements at retail stores throughout San Diego County and California," but failed to allege key facts concerning the investigation. 2016 WL 3952219, at *3 (S.D. Cal. July 22, 2016). Many of the court's questions there apply equally here: "Did he visit any [of defendant's] retail or outlet stores? . . . Which products, if any, are discounted beyond the 90-day period? Did he attempt to search for the handbag purchased by Plaintiff to determine if its pricing was false and if so, on what basis?" *Id.*; *see also Schertzer*, 2020 WL 4281990, at *5 ("Plaintiff does not allege [ ] that her counsel's investigation revealed that the very Suitcase she purchased had not been sold at the 'OUR PRICE' price in the 90 days preceding her purchase.").

Plaintiff's chart of sales on "select appliances" makes no difference, either, given that Plaintiff does not allege any facts to suggest that the Wall Oven Combo was included in any of the listed sales

events. Thus, in *Millam v. Energizer Brands, LLC*, the plaintiff could not state a claim by ignoring the qualifying language in an advertisement for batteries offering "up to 50% longer lasting [charge] than basic alkaline in demanding devices." 2024 WL 2988210, at *1 (9th Cir. June 14, 2024) (emphasis added). Similarly, in *Maloney v. Verizon Internet Servs., Inc*., 413 F. App'x 997, 999 (9th Cir. 2011), the Ninth Circuit held that "up to 3 Mbps" would not be reasonably interpreted to guarantee a speed of 3 Mbps. Plaintiff cannot state a claim by "assum[ing] things about the products *other than* what the statement actually says." *Red v. Kraft Foods, Inc.*, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012).

"[F]requent sales of various items do[] not support an inference that those sales were fraudulent or deceptive." *Camasta*, 761 F.3d at 738. In *Nunez v. Best Buy Co.*, 315 F.R.D. 245, 250 (D. Minn. 2016) and *Azimpour v. Sears, Roebuck & Co*., 2016 WL 7626188, *7 (S.D. Cal. Oct. 17, 2016), the plaintiffs failed to satisfy Rule 9(b) even though their complaints incorporated data from an independent study concluding that most of the randomly selected items were perpetually discounted. Because the study did not address the items plaintiffs purchased, it "lends little—if any—support" to the plaintiffs' claims. *Nunez*, 315 F.R.D. at 250; *see also Azimpour*, 2016 WL 7626188, *7; *Fisher v. Eddie Bauer LLC*, 2019 WL 9467922, at *5 (S.D. Cal. Oct. 18, 2019) (investigation into select products did not suggest "a fraudulent pricing scheme involving almost all of the merchandise...").

In sum, because Plaintiff pleads no facts suggesting the Wall Oven Combo was always on sale in California around the time of her purchase—online, in-store, or anywhere else—her claim falls short of both Rules 8 and 9(b).

## B. The Court should dismiss or strike Plaintiff's claims for equitable relief.

Plaintiff's UCL and FAL claims seek only equitable relief. *Korea Supply Co. v. Lockheed Martin Corp*., 29 Cal. 4th 1134, 1144, 63 P.3d 937, 943 (2003). Plaintiff also seeks injunctive relief under the CLRA, in addition to damages. Plaintiff's claims for equitable relief, including her UCL and FAL claims, should be dismissed or stricken[6] because she lacks standing to seek injunctive relief and fails to explain why damages would not provide an adequate remedy.

---

[6] When a cause of action allows for multiple forms of relief, and one of them is barred as a matter of law, a court may dismiss or strike that prayer for relief under Rule 12(b)(6). *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 974 (9th Cir. 2010).

1

### 1.    *Plaintiff lacks Article III standing to seek injunctive relief.*

2    To establish standing to seek injunctive relief, Plaintiff must establish an "imminent" and

3 "certainly impending" threat of future, concrete harm. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401

4 (2013); *see also Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (the injury must be "actual and

5 imminent, not conjectural or hypothetical"); *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 111 (1983);

6 *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974) ("real and immediate threat of repeated injury" is required).

7    Hypothetical threats do not suffice. In *Lujan*, *supra*, 504 U.S. at 563–64. There, the Court

8 considered whether plaintiffs had standing to seek an injunction against funding activities that threatened

9 certain species' habitats. While the plaintiffs claimed they would visit certain sites in Egypt and Sri Lanka

10 "some day," the Court held that doing so fell short of the requirement that their injury be "imminent." *Id.*

11 ("profession of an 'inten[t]' ... is simply not enough.").  Since *Lujan*, the Supreme Court has repeatedly

12 made clear that a plaintiff seeking an injunction to prevent future injury must describe "concrete plans,"

13 and not merely a "vague desire," to engage in conduct that may expose him to injury. *Summers*, 555 U.S.

14 at 496 (quoting *Lujan*) (plaintiff could not establish standing by alleging that she "want[s] to" return to

15 the forest); *Carney v. Adams*, 592 U.S. 53, 65 (2020) ("a bare statement of intent alone" is insufficient).

16 Courts in the Ninth Circuit are in accord. *In re Coca-Cola Prods. Mktg. & Sales Practices Litig.*, 2021

17 WL 3878654, at *2 (9th Cir. Aug. 31, 2021); *Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x 590, 591

18 (9th Cir. 2018) (no standing despite allegation that plaintiff would "consider buying" product again).

19    Plaintiff here does not allege any specific intent to buy large appliances or custom blinds from

20 Lowe's in the future, as required to establish standing. Nor could she plausibly do so, as these are once-

21 in-a-decade purchases based on needs that may never arise. If Plaintiff rents an apartment that comes with

22 appliances and blinds, she may never have such a need. If, instead, she owns a home and appliances, she

23 will likely not need to purchase new appliances unless her current products falter—an entirely hypothetical

24 prospect. Thus, Plaintiff instead proffers a hypothetical intent to shop at Lowe's again: i.e., that she "would

25 purchase [large appliances and custom blinds] from Lowe's again if she could have confidence regarding

26 the truth of Lowe's' prices and the value of its Products." (Compl. ¶ 105.) Such declarations of an intention

27 to act, without concrete plans regarding the action, are not enough to demonstrate an actual or imminent

28 injury. *Lujan*, 504 U.S. at 564; *see also Battle v. Taylor James, LLC*, 607 F. Supp. 3d 1025, 1053 (C.D.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**
**Case No. 25-cv-03453-TLN-SCR**

Cal. 2022). Indeed, "it strains credibility to say that Plaintiff will purchase the [product] again," based on the same alleged misconception, now that she is "armed with the current knowledge" regarding the challenged practice. *Caldwell v. Nordic Nats., Inc.*, 2024 WL 24325, at *13 (N.D. Cal. Jan. 2, 2024).

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 971 (9th Cir. 2018), does not alter this analysis.[7] There, the Ninth Circuit reiterated that injunctive relief is only appropriate when the plaintiff "adequately alleged that she faces an imminent or actual threat of future harm caused by [the defendant's] allegedly false advertising." *Id.* at 970. Recognizing the facts posed a "close question," the Ninth Circuit held that a plaintiff had standing to seek injunctive relief, because she could not easily verify whether the defendant's previous misrepresentations—about the "flushable" nature of disposable wipes—had been cured without first purchasing the product. That is, "*Davidson* involved situations where the plaintiff could not easily discover whether a previous misrepresentation had been cured without first buying the product at issue." *Cordes v. Boulder Brands USA, Inc.*, 2018 WL 6714323, at *4 (C.D. Cal. Oct. 17, 2018). Thus, the Plaintiff alleged a real risk of future harm: the prospect of buying and using a product that could potentially cause expensive damage to her home's plumbing system.

Here, by contrast, the information that Plaintiff allegedly lacks—the historic pricing of large appliances—is something that already happened, which Plaintiff can verify before making any future purchase. As the Western District of North Carolina in Plaintiff's previous lawsuit noted, "A customer may have asked a Lowe's employee for more information or simply asked an AI chatbot on their mobile phone if they were getting a good deal." *Wright*, 2025 WL 2649655, at *6 n. 8; *see also Rubenstein v. The Gap, Inc.*, 14 Cal. App. 5th 870, 880 (2017) ("A consumer who cared … [can ask] a sales associate.") "Post-*Davidson* decisions have made clear that where (as here) customers have a way to learn the alleged truth of the item without buying the product, *Davidson* does not apply. *See, e.g., Kenney v. Fruit of the Earth, Inc.*, 2024 WL 4578981, at *1 (9th Cir. Oct. 25, 2024); *Trammell v. Albertsons Cos., Inc.*, 2025 WL 591069, at *4 (S.D. Cal. Feb. 24, 2025) ("Plaintiff admits he now has knowledge that enables him to

---

[7] *Davidson* has "been called into question by" the Supreme Court's 2021 decision in *Transunion LLC, v. Ramirez*, 141 S.Ct. 2190 (2021). *Clark v. Eddie Bauer LLC*, 2024 WL 177755, at *2 (9th Cir. Jan. 17, 2024); *Id.* at 4 ("Clark's alleged 'injury'—that she is unable to rely on Eddie Bauer's future marketing representations, despite her desire to do so," was not a concrete harm because it "does not have a historical or common-law analogue.") (Bea, J., dissenting).

make an appropriate choice with respect to the Products"). This makes sense: "where a plaintiff learns information during litigation that enables her to evaluate product claims and make appropriate purchasing decisions going forward, an injunction would serve no meaningful purpose as to that plaintiff." *Jackson v. Gen. Mills, Inc.*, 2020 WL 5106652, at *5 (S.D. Cal. Aug. 28, 2020).

Plaintiff also cannot establish standing on her alleged "legal right to rely now, and in the future, on the truthfulness and accuracy of Lowe's representations regarding the advertised reference prices and discounts for its [large appliances and custom blinds]." (Compl. ¶ 104). As the Ninth Circuit made clear (years after *Davidson*), plaintiffs' "desire for [the defendant] to truthfully label its products, without more, is insufficient to demonstrate that they have suffered any particularized adverse effects." *In re Coca-Cola Prods. Mktg. & Sales Pracs. Litig.*, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021).

### 2. Plaintiff's claims for equitable relief are barred as a matter of law because Plaintiff has not adequately pled that she lacks an adequate remedy at law.

The Ninth Circuit has repeatedly required plaintiffs to show they lack "an adequate remedy at law before securing" equitable relief. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (affirming dismissal). "[T]o entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy." *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022) (citation omitted), cert. *denied sub nom. Polaris Indus. Inc. v. Albright*, 2023 WL 3937623 (U.S. June 12, 2023); *see also In re Apple Processor Litig.*, 2023 WL 5950622, at *2 (9th Cir. Sept. 13, 2023). This doctrine is "axiomatic." *Younger v. Harris*, 401 U.S. 37, 43–44 (1971); *Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 75–76 (1992).

Plaintiff fails to satisfy this established requirement with either of her equitable relief claims:

**Restitution:** Plaintiff does not even attempt to argue that damages would not provide an adequate remedy for her prayer for restitution. Because she "fails to explain how the same amount of money for the exact same harm is inadequate or incomplete," *Sonner*, 971 F.3d at 844, this prayer for relief should be dismissed out the gate.

**Injunctive Relief:** While Plaintiff contends in conclusory fashion that damages would not provide an adequate remedy as to her claim for future relief, her reasoning—that she might be injured in the future—applies to any injunctive relief claim, and does not justify a departure from the precedent above.

The Supreme Court has recognized for over a century that if an adequate remedy at law exists, injunctive relief is unavailable. *See Douglas Co. v. Stone*, 191 U.S. 557 (1903) (because a Virginia statute provided an adequate legal remedy for an inaccurate tax assessment, a federal court of equity lacked jurisdiction to enjoin collection of the wrongly assessed taxes); *see also, e.g.*, *Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 60 (1975) (denying injunctive relief where damages provided an adequate remedy); *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974) (a complaint seeking injunctive relief failed because it did not plead "the basic requisites of the issuance of equitable relief" including "the inadequacy of remedies at law"); *Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 60 (1975) (shareholder not entitled to injunctive relief where damages provided an adequate remedy).

The Ninth Circuit has applied the adequate-remedy principle to dismiss UCL claims for injunctive relief where plaintiffs failed "to plead the inadequacy of their legal remedies." *Philips*, 726 Fed. Appx. at 609; *see also In re Apple Processor Litig.*, 2023 WL 5950622, at *2 (9th Cir. Sept. 13, 2023) (same). All of these cases involved a risk of future harm (as required to seek injunctive relief). Indeed, as this Court recently recognized, "courts will only allow a plaintiff to recover injunctive relief or restitution under a UCL claim if the plaintiff lacks an adequate remedy at law." *Garcia v. Anane Enter. LLC*, 2025 WL 894616, at *12–13 (E.D. Cal. Mar. 24, 2025); *see also* Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2944 (3d ed.) ("if the legal remedy would be as effective as an injunction in providing the claimant with relief, there is no need for the court to invoke its equity jurisdiction.").

Anyone that suffers harm in the future—including Plaintiff—would have the same adequate remedy at law: a suit for money damages. As one court explained:

> [T]hat Plaintiffs seek prospective injunctive relief (as opposed to restitution for past harm) does not exempt this case from *Sonner*, and none of its reasoning suggests that it is limited to claims for restitution for past harms . . . Plaintiffs' argument about future purchasers is also unavailing: nothing suggests that damages will not be adequate for future purchasers simply because they have not purchased their vehicles yet. Once those future purchasers purchase their vehicles, damages will be as adequate a remedy for them as it will be for currently-existing purchasers.

*Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1121 (C.D. Cal. 2021); *accord Browning v. Am.*

*Honda Motor Co*., 549 F. Supp. 3d 996, 1014 (N.D. Cal. 2021).[8] So too here. "There is no reason to think legal remedies, like damages, will not be sufficient to make future plaintiffs whole." *Drake v. Toyota Motor Corp*., 2021 WL 2024860, at *7 (C.D. Cal. May 17, 2021). The Court should therefore dismiss all of Plaintiff's claims for equitable relief, including her entire UCL and FAL claims.

### C.    Plaintiff cannot bring claims as to different products, channels, or representations.

To the extent this Court allows any of Plaintiff's claims to proceed, it should dismiss claims pertaining to (1) products that Plaintiff has not purchased, and (2) Lowe's website, where she has not shopped, and (3) "LIMITED TIME DEAL" language, which she admits was not posted until nearly eight months after her purchase (Compl. ¶¶ 32, 94.) Plaintiff lacks Article III and statutory standing to pursue those claims; nor can she represent consumers who may have such claims.

To establish Article III standing, a named plaintiff must "personally have been injured"; it is not enough that the injury was "suffered by other, unidentified members of the class." *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (citing *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26 (1976)); *accord Dreher v. Experian Info. Sols., Inc.,* 856 F.3d 337, 343 (4th Cir. 2017) (requiring "a sufficient allegation of harm to the named plaintiff in particular.") In fact, "[t]hat a suit may be a class action ... adds nothing to the question of standing." *Simon*, 426 U.S. at 40 n.20; *see also Allee v. Medrano*, 416 U.S. 802, 829 (1974) (Burger, C.J., dissenting) (standing "cannot be acquired through the back door of a class action").

Similarly, to bring false-advertising claims under the UCL and FAL, a named plaintiff must establish statutory standing, which requires alleging that she personally relied on the defendant's alleged misrepresentation (causation) and that she suffered economic injury as a result. *In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009) ("a class representative … must demonstrate actual reliance on the allegedly deceptive or misleading statements"); *Kwikset Corp. v. Superior Ct*., 51 Cal. 4th 310, 326, 246 P.3d 877, 888 (2011) (standing requirements for UCL). Similar allegations are required to state a claim under the CLRA. *Meyer v. Sprint Spectrum L.P*., 45 Cal. 4th 634, 640 (2009).

---

[8] *See also L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197 (9th Cir. 1980); *Joseph v. Carnes*, 566 Fed. Appx. 530, 534–35 (7th Cir. 2014); *Adam–Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 300 (8th Cir.1996); *In re MacBook Keyboard Litig.*, 2020 WL 6047253, at *4 (N.D. Cal. Oct. 13, 2020); *Adams*, 2020 WL 5648605, at *3 ("legal damages … seem to be an adequate remedy.").

Applying these principles, courts routinely dismiss claims for lack of Article III and statutory standing when the plaintiff purports to bring claims based on representations that she did not see or rely on. *See, e.g., Kane v. Chobani, Inc*., 2013 WL 5289253, at *5 (N.D. Cal. Sept. 19, 2013) (dismissing UCL, FAL, and CLRA claims for lack of Article III and statutory standing, where plaintiff failed to allege actual reliance and that she suffered economic injury as a result); *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005), *aff'd* 252 F. App'x 777 (9th Cir. 2007) (dismissing UCL claim where "none of the named Plaintiffs allege that they saw, read, or in any way relied on the advertisements").

Here, Plaintiff claims to have bought a single product—the Wall Oven Combo—in a Lowe's store—not online, based on an allegedly inflated "Special Value" price. She does not claim to have ever looked at other products or the Lowe's website. Yet, she purports to represent customers who bought other products, in-store and online, based on different representations. The Court should dismiss or strike these overbroad claims. *Whittlestone*, 618 F.3d at 973.

### 1.    *Plaintiff lacks standing to sue as to the Lowe's Website.*

Standing requires a causal connection between the alleged injury and conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant." *Lujan*, 504 U.S. at 560. Plaintiff cannot connect her alleged injury to Lowe's website/online pricing, because she does not claim to have ever visited the Lowe's website. *See Stanwood v. Mary Kay, Inc.*, 941 F. Supp. 2d 1212, 1218 (C.D. Cal. 2012) (dismissing UCL claims concerning online advertising where plaintiff "has not alleged that she viewed any of those sources, and therefore cannot link her injuries to those misrepresentations.").

Online and in-person shopping are not fungible, for plaintiffs pursuing pricing claims. *Branca v. Nordstrom, Inc*., 2015 WL 1841231, at *4 (S.D. Cal. Mar. 20, 2015). There, the court rejected "perpetual sale" pricing claims concerning Nordstrom Rack's website, because the plaintiff did "not allege that he observed-or was even aware of-Nordstrom Rack's website." *Id.* at *4. Similarly, in *Azimpour*, 2016 WL 7626188, at *4, the court dismissed pricing claims as to Sears's website because—even though the plaintiff claimed that the pillow he bought was always on sale online—"Plaintiff [did] not allege that he viewed and relied on this advertisement."[9]  As in these cases, the Court should dismiss Plaintiff's claims

---

[9] *See also Altes v. Bulletproof 360, Inc*., 2020 WL 1062878, at *3 (C.D. Cal. Mar. 5, 2020); *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1143-45 (N.D. Cal. 2013); *In re Ferrero Litig*., 794 F. Supp.

as to Lowe's website, which Plaintiff does not contend caused her injury.

### 2. *Plaintiff lacks standing as to the Products not purchased, or in the alternative, custom blinds and shades.*

Presumably recognizing that Lowe's pricing varies across product categories, Plaintiff pursues claims concerning only two product categories: appliances and custom blinds/shades. This subset of products is still vastly overbroad.

"There is a split in authority among district courts in the Ninth Circuit [regarding] whether plaintiffs have Article III standing to bring claims for products they did not personally purchase but that were purchased by unnamed class members." *Oh v. Fresh Bellies, Inc.*, 2024 WL 4500727, at *4 (C.D. Cal. Oct. 15, 2024). This Court should follow the line of cases that have dismissed claims regarding non-purchased products for lack of standing. *See e.g., Lorentzen v. Kroger Co.*, 532 F.Supp.3d 901, 908–09 (C.D. Cal. 2021); *Ringler v. J.M. Smucker Co.*, 783 F. Supp. 3d 1229, 1245 (C.D. Cal. 2025); *Larsen v. Trader Joe's Co.*, 2012 WL 5458396, at *5 (N.D. Cal. June 14, 2012).

While some courts instead look to whether the unpurchased products are "substantially similar" to the item purchased by the named plaintiff, this analysis "appears to be inconsistent with the basic concept of standing. The standing requirement extends to each claim and each remedy sought." *Lorentzen*, 532 F.Supp.3d at 908–09 (citing *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)). "Plaintiff has not shown that another's purchase of a different variation of the Product, although similar, is 'an invasion of [her own] legally protected interest.' " *Oh*, 2024 WL 4500727, at *4 (quoting *Lujan*, 504 U.S. at 560). "The similarity of a product, by itself, does not explain how Plaintiff suffered an injury traceable to the allegedly wrongful conduct of another." *Id.* "[A] class action ... adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Lewis*, 518 U.S. at 357 (internal quotations and citation omitted).

Plaintiff purchased one product: the Wall Oven Combo. She lacks standing to sue as to anything else. At minimum, the Court should strike Plaintiff's claims as to blinds and shades, given the dissimilarity

2d 1107, 1112 (S.D. Cal. 2011); *Rael v. New York & Co., Inc.*, 2016 WL 7655247, at *6 (S.D. Cal. Dec. 28, 2016); *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 947-948 (S.D. Cal. 2007).

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**
**Case No. 25-cv-03453-TLN-SCR**

in their pricing to the Wall Oven Combo. Plaintiff's allegations are expressly tied to the reference price, discounted price, and stated dollar amount in savings (Compl. ¶¶ 96–99), none of which appear as representations on the displays for custom blinds/shades. The signage for blinds and shades, as shown in the Complaint, does not mention any item or price. (*See, e.g., id.* ¶¶ 20–22, 25–26). Plaintiff cannot bring claims as to these materially different representations that she does not claim caused her any harm.

### 3.    *Plaintiff cannot challenge the "LIMITED TIME DEAL" language.*

Plaintiff does not identify the specific language she relied on, or attach a copy of the challenged sign. She claims that "up until February 6, 2025, the 'sale' signage displayed the phrase 'SPECIAL VALUE'," after which "Lowe's replaced the phrase 'SPECIAL VALUE' with 'LIMITED TIME DEAL.'" (Compl. ¶¶ 49, 50.) The "Limited Time Deal" language that allegedly appeared at the time of Plaintiff's purchase is materially different from the subsequent "Special Value" verbiage. Indeed, Plaintiff contends Lowe's made this change to "induce its customers to purchase the custom blinds and shades immediately so that they do not miss out on the supposed 'sale.'" (*Id.* ¶ 32) (claiming Lowe's "replaced the phrase [ ] to even more prominently emphasize the phony limited-time nature of the 'sale.'") Because Plaintiff does not claim to have ever seen or relied on the new "Limited Time Deal" verbiage, she lacks standing to challenge it. *Haskins v. Symantec Corp.*, 2016 WL 3391237, at *1 (9th Cir. June 20, 2016) ("Because [plaintiff's] complaint did not allege that she read and relied on a specific misrepresentation by [defendant], she failed to plead her fraud claims with particularity as required by Rule 9(b)").

## V.    <u>CONCLUSION</u>

For the reasons herein, this case should be dismissed in its entirety.

Dated: January 23, 2026

Respectfully submitted,

*s/ Meegan B. Brooks*
STEPHANIE SHERIDAN (CA 135910)
MEEGAN B. BROOKS (CA 298570)
Benesch, Friedlander, Coplan & Aronoff LLP

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC